IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America,<br><br>            Plaintiff,<br><br>vs.<br><br>Deshonte Antwon Dickson,<br><br>            Defendant. | Case No. 1:17-cr-00036 |

**ORDER DENYING MOTION TO REDUCE SENTENCE**

[¶1] THIS MATTER comes before the Court on a Motion to Reduce Sentence filed by the Defendant on May 24, 2024. Doc. Nos. 300. The United States filed its response on April 2, 2025. Doc. No. 316. The Defendant filed a Reply on April 30, 2025. Doc. No. 321.

[¶2] At the time of sentencing, the Defendant's guidelines range was 63–78 months based upon a total offense level of 26 and a criminal history category I. At sentencing, the Court applied an upward variance to sentence the defendant to 120 months of imprisonment, which was approximately 154% above the guidelines range. Based upon the application of Amendment 821 to the Sentencing Guidelines, because the Defendant was a zero-point offender he would now receive an additional two-level reduction, bringing his total offense level to 24. The Defendant's new range would be 60–63 months. Both Parties agree the Defendant's sentence should be reduced to 97 months of imprisonment. This represents a sentence that is 154% above the newly calculated guidelines range.

[¶3] Even if the Court lowers the Defendant's sentencing guidelines range, the Defendant's sentence would remain the same. The Defendant's sentence was not grounded on a percentage increase above the guidelines range. The Court considered it as required under 18 U.S.C. § 3553(a).

Based upon the totality of the circumstances and the evidence at trial, the Court concluded the Defendant was an essential and central cog on the conspiratorial machine. Based upon this finding, the Court concluded a 120-month sentence was appropriate regardless of any applicable guidelines range, which was ultimately affirmed on appeal. See United States v. Dickson, 127 F.4th 722 (8th Cir. 2025).

[¶4]    Accordingly, the Court has reviewed the factors under 18 U.S.C. § 3553(a) and concludes a 120-month sentence is still appropriate under the circumstances for the same reasons articulated at his sentencing hearing. See 18 U.S.C. § 32582(c)(2) ("[T]he court **may** reduce the term of imprisonment, **after considering the factors set forth in section 3553(a)** to the extent they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." (emphasis added)). The Defendant's Motion to Reduce Sentence is **DENIED**.

[¶5]    **IT IS SO ORDERED.**

DATED May 2, 2025.

Daniel M. Traynor, District Judge
United States District Court